### Chicago, R. I. & P. Ry. Co. v. John U. Oswald.

1. VERDICTS—*Must be Sustained by the Evidence.*—In this case the judgment is reversed because the evidence does not sustain the verdict.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Rock Island County: the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1900. Reversed, with a finding of facts. Opinion filed February 13, 1901. Rehearing denied April 10, 1901.

JACKSON & HURST and W. T. RANKIN, attorneys for appellant; ROBERT MATHER, of counsel.

SEARLE & MARSHALL and J. T. KENWORTHY, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case by appellee against appellant to recover damages for injuries which he claims to have sustained by being thrown from his dray through a collision with a moving freight car, in the yards of appellant at Rock Island.

The declaration contained five counts charging appellant with negligence in causing the accident and each stating that appellee was at the time of the occurrence in the exercise of due care for his own safety. The general issue was filed and there was a verdict and judgment for appellee for $2,200.

At the time of the accident, which occurred September 14, 1897, appellant was sixty-seven years of age and had been a drayman in Rock Island for over thirty years. On that

day he was driving a single horse attached to a dray.    The dray consisted of a heavy platform on two wheels with two skids, or pieces of timber, extending back from the middle of the rear part, which were used in loading and unloading. Appellee was on the way to the freight house to inquire for freight for his customers.    On the south side of the freight house there were doors used in loading freight upon wagons and thirty feet south of the house there was a side track. At the time appellee drove in the yard, there were several teams loading freight on the south side of the freight house and as he went past the west end of the house he saw a freight car coming down the track from the east some two hundred feet away.    He drove on between the teams and the track, when another team was driven across the tracks from the south, causing him to stop.    He was then about four feet from the track and thought he was safe; but just as the car got even with him his horse shied and threw the projecting skids of the dray against the car.    The car, which was going from two to three miles an hour, was not attached to an engine, but there was a brakeman upon it, upon the lookout, who stopped in the space of four feet from the point where the dray struck it.    The speed of the car was so slow that no harm was done to the horse or to the dray, but appellee was thrown off the dray by the shock and injured.    Appellant urges several reasons for reversal, but waiving all other questions, we are of opinion the case must be reversed because the evidence does not sustain the verdict.

Passing by the question as to whether appellee was in the exercise of ordinary care in driving a horse, shown by the evidence to have been somewhat restive, in the confined place where a car was liable to come at any time, and with which he was entirely familiar from thirty years experience, we base the reversal on the ground that appellant was not shown by the evidence to have been guilty of any negligence causing or contributing to the injury.    The grounds were those of appellant, which it used constantly in switching cars.    Appellant had the right to switch cars

on the track in question, provided it did the same with ordinary care for the safety of those who were in the yards transacting business. There was a brakeman on the car and it was moving at a slow rate of speed. The brakeman, who saw the horse and dray standing at a safe distance from the switch, could not have anticipated that the horse would shy just at the moment the car came opposite. It was simply an accident for which the evidence does not show appellant to-have been to blame. As in our opinion appellee has wholly failed to make out a case entitling him to a recovery, the judgment must be reversed. Judgment reversed.

**Finding of facts** to be incorporated in the judgment:

We find that appellant was not guilty of any negligence causing or contributing to the injury of appellee, for which he brought suit.